1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:    (916) 443-6911
4  Facsimile:    (916) 447-8336
   E-Mail:        mark@markmerin.com
5                 paul@markmerin.com
6
7   Attorneys for Plaintiffs
    ESTATE OF SALVADOR ROMERO
8   and EMILIA ABEYTA

9                 UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11                  SACRAMENTO DIVISION

| | |
|---|---|
| 12  ESTATE OF SALVADOR ROMERO and EMILIA ABEYTA, | Case No. |
| 13 | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| 14                 Plaintiffs, | |
| 15  vs. | **DEMAND FOR JURY TRIAL** |
| 16  COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, INC., and DOE 1 to 20, | |
| 17 | |
| 18 | |
| 19                 Defendants. | |

20

21

22                     **INTRODUCTION**

23         SALVADOR ROMERO was a documented mental health inmate in the custody of the SOLANO

24  COUNTY SHERIFF'S OFFICE at the Solano County Jail, under the care and supervision of jail staff,

25  including contracted medical personnel from CALIFORNIA FORENSIC MEDICAL GROUP (also-

26  known-as and doing-business-as WELLPATH, INC.). The jail staff ignored the deterioration of

27  SALVADOR ROMERO's mental health over the course of multiple weeks, including denying him

28  necessary mental health treatment, and left him unsupervised, resulting in his death by suicide.

                                1

**JURISDICTION & VENUE**

1.  This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.  Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.  Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the State of California, County of Solano.

**EXHAUSTION**

4.  On November 8, 2022, the ESTATE OF SALVADOR ROMERO and EMILIA ABEYTA submitted a government claim relating to the claims asserted in this action to the COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE, pursuant to California Government Code section 910 *et seq.* (Claim No. 2022-081.)

5.  On January 25, 2023, the COUNTY OF SOLANO served by mail a notice of rejection of government claim, pursuant to California Government Code section 913.

6.  By December 23, 2022, the SOLANO COUNTY SHERIFF'S OFFICE failed or refused to act on the government claim, pursuant to California Government Code section 912.4.

**PARTIES**

7.  Plaintiff ESTATE OF SALVADOR ROMERO appears by and through real-party-in-interest Plaintiff EMILIA ABEYTA, the biological mother of SALVADOR ROMERO, who brings this action pursuant to California Code of Civil Procedure section 377.30. Plaintiff EMILIA ABEYTA brings this action as the successor-in-interest on behalf of the decedent SALVADOR ROMERO. Plaintiff EMILIA ABEYTA's declaration relating to status as SALVADOR ROMERO's successor-in-interest is attached hereto, pursuant to California Code of Civil Procedure section 377.32.

8.  Plaintiff EMILIA ABEYTA is a resident of the State of Utah, County of Davis. Plaintiff

2

EMILIA ABEYTA brings this action: (a) in a representative capacity, as the successor-in-interest of SALVADOR ROMERO and on behalf of Plaintiff ESTATE OF SALVADOR ROMERO; and (b) in an individual capacity, on behalf of herself. Plaintiff EMILIA ABEYTA is the biological mother of SALVADOR ROMERO and the heir to his estate, under California law.

9.     Defendant COUNTY OF SOLANO is located in the State of California. Defendant COUNTY OF SOLANO is a "public entity," pursuant to California Government Code section 811.2.

10.     Defendant SOLANO COUNTY SHERIFF'S OFFICE is located in the State of California, County of Solano. Defendant SOLANO COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code section 811.2.

11.     Defendant THOMAS FERRARA is and was, at all times material herein, a law enforcement officer and the Sheriff-Coroner for Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE, acting under color of state law and within the scope of employment. Defendant THOMAS FERRARA is sued in an individual capacity.

12.     Defendant CALIFORNIA FORENSIC MEDICAL GROUP has a business address in the State of California, County of Monterey and County of San Diego. Defendant CALIFORNIA FORENSIC MEDICAL GROUP is and was, and at all times material herein, a California corporation licensed to and doing business in California. Defendant CALIFORNIA FORENSIC MEDICAL GROUP is owned and controlled by H.I.G. CAPITAL. Defendant CALIFORNIA FORENSIC MEDICAL GROUP is also-known-as CORRECTIONAL MEDICAL GROUP COMPANIES INC. and doing-business-as WELLPATH, INC. Defendant WELLPATH, INC. is a Delaware Corporation with a business address in the State of California, County of San Diego. Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, INC. are California corporations licensed to and doing business in the State of California Defendant CALIFORNIA FORENSIC MEDICAL GROUP aka CORRECTIONAL MEDICAL GROUP COMPANIES INC. dba WELLPATH, INC. is hereinafter collectively referred to as Defendant WELLPATH, INC.

13.     Defendant HUNT is and was, and at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE, acting under color of state law and within the scope of employment. Defendant HUNT is sued in an

3

COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Romero v. County of Solano*, United States District Court, Eastern District of California, Case No. _____

individual capacity.

14.     Defendant KIMBROUGH is and was, and at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE, acting under color of state law and within the scope of employment. Defendant KIMBROUGH is sued in an individual capacity.

15.     Defendants DOE 1 to 20 are and/or were agents, contractors, or employees of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and/or WELLPATH, INC, acting under color of state law and within the scope of agency or employment. Defendants DOE 1 to 20 are sued by fictitious names, where their true and correct identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

16.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

17.     SALVADOR ROMERO was a 39-year-old man, prior to his death on September 4, 2022.

18.     SALVADOR ROMERO suffered from multiple diagnosed mental disabilities, including paranoid schizophrenia, bipolar disorder, and cognitive impairment. SALVADOR ROMERO's disabilities required hospitalizations and treatment on several occasions prior to his death, and substantially limited one or more major life activities, at all times material herein, including the ability to care for himself, concentrate, think, and communicate.

19.     SALVADOR ROMERO had documented disabilities for which he received treatment and was prescribed medications for years preceding his death, since he was a teenager.

20.     Since November 2014, Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and THOMAS FERRARA contract with Defendant WELLPATH, INC. for the provision of medical and mental health care to inmates, including those inmates in custody at the Solano County Jail. For example, Defendant WELLPATH, INC., on behalf of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and THOMAS FERRARA, is responsible for assessing inmates for possible suicide risk, instituting appropriate suicide precautions, approving housing classification, and communicating inmates' suicide risks with custodial staff, health care professionals, and outside facilities.

4

21.     SALVADOR ROMERO was known to be a mentally ill man requiring mental health care and treatment by Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC., including their jail staff, Defendants DOE 1 to 20. For example, SALVADOR ROMERO was booked into the jail for an arrest occurring on September 14, 2018. During a "Medical Intake Triage/Receiving Screening," Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.'s records for SALVADOR ROMERO identified that he had attempted suicide "100,000 times," including "the other day" when he "attempted to jump out of his mother's moving vehicle…"

22.     On August 3, 2022, SALVADOR ROMERO was incarcerated as a pre-trial detainee in the custody of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and THOMAS FERRARA, at the Solano County Jail, 500 Union Avenue, Fairfield, CA 94533.

23.     Upon SALVADOR ROMERO's booking into the jail, Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.'s records for SALVADOR ROMERO identified "Diagnosis" as "history of treatment for mental health," "Bipolar disorder," "Mild cognitive impairment," and "House alone"; identified "Symptoms/experiences" as "Pt reports history of hearing voices"; identified "hospitalization for psychiatric treatment" as "3-4 weeks ago"; identified as affirmative a "history of hallucinations" based on "Auditory" hallucinations; identified as affirmative "previous suicide attempts/self-harm"; and identified "CURRENT STATUS AND FACTORS OF CONCERN" as "Past Suicide Attempt," "Domestic Violence Charge," "Prior Suicide Watch Placement in Facility," and "Recent Release from Inpatient Psychiatric Unit."

24.     On August 5, 2022, Defendant SENAIDA RANGEL, a licensed social worker, conducted a "Suicide Watcher Daily Follow-Up and Discharge for Mental Health" interview with SALVADOR ROMERO and identified "Type of Watch and Frequency" as "Staggered 15 minutes"; identified "Reason for Watch" as "Ideation"; identified an affirmative response to the question "Have you wished you were dead or wished you could go to sleep and not wake up?"; identified an affirmative response to the question "Have you ever done anything, started to do anything, or prepared to do anything to end your life?"; identified "Risk Factors" as "Active major depression/mania/hallucinations/delusions," "Bad news (legal, loss of loved one, privileges revoked, serious illness, recent rejection, or loss)," "Impulsive,"

5

"Legal concerns (crime against child, serious charges, high profile, heightened preoccupation with charges)," "Prior suicide watch placement while incarcerated," "Prior suicide attempts / suicide note found," "Psychiatric hospitalization (recently released)," "Restrictive Housing placement," and "Violence / domestic abuse towards others"; and identified the "Estimated current self-harm/suicide risk level" as "Low."

25.     On August 6, 2022, Defendant SENAIDA RANGEL conducted a "Mental Health Initial Assessment" interview with SALVADOR ROMERO and identified the "Estimated current self-harm/suicide risk level" as "Low"; and identified "Housing Recommendation" as "Mental Health Housing/Special Housing," as opposed to "Suicide Watch."

26.     In or about early August 2022, Defendants DOE 1 to 20 changed SALVADOR ROMERO's medications.

27.     Thereafter, SALVADOR ROMERO experienced more severe mental health issues. For example, SALVADOR ROMERO became "zombie-like"; he generally stopped communicating with others; he began walking around the jail while barefoot; and he began urinating and defecating on himself.

28.     Other jail inmates, including SALVADOR ROMERO's next-cell-neighbor Kurt DaSilva, alerted jail staff to SALVADOR ROMERO's deteriorating condition and asked jail staff to intervene and to check on him.

29.     Defendants DOE 1 to 20 failed to follow-up on requests to check on SALVADOR ROMERO's health and wellbeing.

30.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s jail staff, including Defendants DOE 1 to 20, are generally lax and inattentive to inmates' needs. For example, the custody staff frequently forgets or ignores safety checks on inmates' cells; and the medical staff frequently forgets to dispense inmates' medications.

31.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s jail staff, including Defendants DOE 1 to 20, knew or should have known that SALVADOR ROMERO's was at risk of harm, based on the nature of his mental

6

illness and behavior and the complaints received.

32.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s jail staff, including Defendants DOE 1 to 20, inadequately booked, classified, and assigned SALVADOR ROMERO's housing at the jail, with deliberate indifference to the risk that he would be harmed, including to the presence of items inside of the cell which could be used for self-harm.

33.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s jail staff, including Defendants DOE 1 to 20, inadequately supervised and oversaw inmates in and around the area in which SALVADOR ROMERO was housed, with deliberate indifference to the risk that he would be harmed.

34.     On August 22, 2022, SALVADOR ROMERO activated the emergency button inside of his cell. SALVADOR ROMERO sat on his bunk and responded, "I don't know," when questioned why he activated the emergency button inside of his cell.

35.     On August 30, 2022, the jail's mental health staff received a call from Plaintiff EMILIA ABEYTA, SALVADOR ROMERO's mother. Therein, Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.'s records document: "[Plaintiff EMILIA ABEYTA] expressed concern about [SALVADOR ROMERO's] medical issues and state[d] the patient has not been coming out of his cell and has not been calling her. Mother also expressed concern about the medications being changed. . . The mother was informed that there is an upcoming task for mental health to see the patient and that medical would be informed of her concerns."

36.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.'s medical staff did not address Plaintiff EMILIA ABEYTA's concerns.

37.     On September 4, 2022, around 2:43 p.m., SALVADOR ROMERO was located in his cell.

38.     SALVADOR ROMERO became upset during a conversation with Defendant HUNT, a female correctional officer, who was present outside of SALVADOR ROMERO's cell.

39.     SALVADOR ROMERO hit and kicked his cell door in frustration.

40.     Defendant HUNT sighed and walked away from SALVADOR ROMERO's cell.

41.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE,

1   THOMAS FERRARA, and WELLPATH, INC.'s jail staff, including Defendants HUNT and DOE 1 to

2   20, knew or should have known that SALVADOR ROMERO was at risk of harm, based on events

3   preceding his death and his condition.

4           42.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE,

5   THOMAS FERRARA, and WELLPATH, INC.'s jail staff, including Defendants HUNT and DOE 1 to

6   20, inadequately supervised and oversaw inmates in and around the area in which SALVADOR

7   ROMERO was housed, with deliberate indifference to the risk that SALVADOR ROMERO would be

8   harmed.

9           43.     Approximately 30 minutes later, Defendant KIMBROUGH, a male correctional officer,

10  discovered SALVADOR ROMERO hanging inside of his cell.

11          44.     Defendant KIMBROUGH entered SALVADOR ROMERO's cell and cut-down his

12  hanging body.

13          45.     Defendant KIMBROUGH called for back-up on his radio.

14          46.     Thereafter, Defendant HUNT arrived outside of SALVADOR ROMERO's cell.

15          47.     Defendants KIMBROUGH and HUNT waited around SALVADOR ROMERO's cell for

16  about 15 minutes, as the jail's medical staff had a delayed response.

17          48.     Defendant KIMBROUGH waited inside of SALVADOR ROMERO's cell, while

18  Defendant HUNT remained outside of the cell.

19          49.     Defendants KIMBROUGH, HUNT, and DOE 1 to 20 failed to provide SALVADOR

20  ROMERO with medical attention during the approximately 15-minute wait-time for medical staff to

21  arrive at the cell.

22          50.     Defendant DOE 1 to 20, including the jail's medical staff, delayed in responding to

23  SALVADOR ROMERO's cell for approximately 15 minutes after receiving notice that SALVADOR

24  ROMERO was in need of immediate medical care.

25          51.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE,

26  THOMAS FERRARA, and WELLPATH, INC.'s jail staff, including Defendants KIMBROUGH,

27  HUNT, and DOE 1 to 20, inadequately responded to SALVADOR ROMERO's medical emergency,

28  with deliberate indifference to the risk that he would be further harmed, including by failing timely to

8

COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Romero v. County of Solano*, United States District Court, Eastern District of California, Case No. _____

recognize the need for immediate medical care, to summon necessary medical care, and to provide necessary medical care.

52.     Defendant DOE 1 to 20, including the jail's medical staff, arrived at SALVADOR ROMERO's cell approximately 15 minutes after Defendant KIMBROUGH discovered SALVADOR ROMERO hanging in his cell.

53.     Defendant DOE 1 to 20, including the jail's medical staff, attempted to resuscitate SALVADOR ROMERO for approximately about 10 minutes.

54.     Thereafter, SALVADOR ROMERO was determined to be dead and his body was removed from the cell.

55.     SALVADOR ROMERO's cause of death was determined to be "asphyxia," resulting from an "apparent suicide by hanging while in custody at the Solano County Jail."

## POLICY AND CUSTOM ALLEGATIONS

56.     Defendant THOMAS FERRARA, as Sheriff, is and was a final policymaking authority for Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE, including as it relates to the maintenance and operation of jail and detention facilities, including the Solano County Jail; training, supervision, and discipline of law enforcement officers acting under his command; and the safekeeping of inmates/prisoners in his custody. *See* Cal. Const. Art. XI § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610. Defendant THOMAS FERRARA has been employed by Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE since 1984, and became Sheriff on August 2012.

57.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC. maintain policies or customs whereby personnel fail to provide necessary medical care and treatment to inmates housed at the Solano County Jail. For example, Specifically, Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s inadequate polices, customs, training, supervision, and discipline of jail staff at the Solano County Jail results in the following deficiencies:

        (a)     Failure to provide inmates with access to necessary and appropriate medical and mental health care;

(b)    Failure to conduct appropriate and complete suicide/risk assessments;

(c)    Failure to create and implement appropriate medical and mental health treatment plans;

(d)    Utilization of isolation cells and excessive lockdown which contributes to and exacerbates mental illness;

(e)    Inadequate and lack of meaningful monitoring of inmates in isolation units or on continual lockdown, which places inmates at risk and contributes to mental illness and risk of suicide;

(f)    Failure promptly to evaluate and transfer inmates to a hospital or facility providing appropriate and necessary medical and mental health care, where an inmate is gravely disabled, at risk of serious harm and/or suicidal;

(g)    Failure to take reasonable and necessary action to reduce or to end harmful cumulative effects of prolonged isolation in solitary confinement;

(h)    Failure to implement necessary and appropriate emergency treatment policies; and

(i)    Failure to provide necessary and appropriate staffing, checks, and training for the purpose of providing minimally-adequate medical and mental health treatment for seriously ill inmates.

58.    Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s policies and customs fail to comply with the standards set forth by the National Commission on Correctional Health Care ("NCCHC").

59.    Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC. were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of deficient policies or customs because the inadequacies were so obvious and likely to result in violations of the rights of inmates housed at the Solano County Jail.

60.    Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s policy or custom is demonstrated by:

(a)    Numerous and consistent in-custody death incidents occurring at the Solano County Jail. Vallejo Sun, Scott Morris, *2022 was deadliest year in Solano County jails in 24 years* (Dec. 19, 2022), available at: <https://www.vallejosun.com/2022-was-deadliest-year-in-solano-county-jails-in-

10

24-years/>. These in-custody death incidents include suicides by inmates requiring mental health care and treatment, for example: Douglas Tuttle (died December 2, 2014); Jeremiah Conaway (died April 10, 2019; *LeMoon v. Cal. Forensic Med. Grp.*, United States District Court, Northern District of California, Case No. 4:20-cv-02552-PJH); and Kurt DeSilva (died January 23, 2023).

(b)     Acknowledgement by a former deputy that Defendants SOLANO COUNTY SHERIFF'S OFFICE and THOMAS FERRARA "could be doing much more to help people in its custody," where there are "little to no programs in the jail to connect [] people with mental health services, addiction recovery or job training." Vallejo Sun, Scott Morris, *Former Solano County deputy emphasizes mental health, addiction recovery in second run for sheriff* (Mar. 21, 2022), available at: <https://www.vallejosun.com/former-solano-county-deputy-emphasizes-mental-health-addiction-recovery-in-second-run-for-sheriff/>.

(c)     Defendant WELLPATH, INC. "has been sued nearly 500 times over the last five years across the country, according to an online review of lawsuits." KTVU FOX 2, Brooks Jarosz , Lisa Fernandez & Simone Aponte, *Santa Rita Jail's medical provider is target of lawsuits, complaints about lack of care* (May 5, 2021), available at: <https://www.ktvu.com/news/santa-rita-jails-medical-provider-is-target-of-lawsuits-complaints-about-lack-of-care>.

(d)     Defendant WELLPATH, INC. has "faced repeated complaints of inadequate mental healthcare." *Estate of Linda Miller v. County of Sutter*, United States District Court, Eastern District of California, Case No. 2:20-cv-00577-KJM-DMC, ECF No. 67 at 25 (E.D. Cal. Oct. 30, 2020).

(e)     As of 2015, over a 10-year period, county jails contracting with Defendant CALIFORNIA FORENSIC MEDICAL GROUP had a rate of suicide and drug overdoses 50 percent higher than in other county jails in California, and at least three county grand juries had criticized its role in inmate deaths. The Sacramento Bee, Brad Branan, *California for-profit company faces allegations of inadequate inmate care* (Jan. 17, 2015), available at: <https://amp.sacbee.com/article7249637.html>.

(f)     In 2015, Defendant CALIFORNIA FORENSIC MEDICAL GROUP entered into a class action settlement which required it to address issues of inadequate medical and mental healthcare, inadequate staffing, and accommodations for disabled prisoners and serious safety problems at the Monterey County Jail. *Hernandez v. County of Monterey*, United States District Court, Northern District

11

of California, Case No. 5:13-cv-02354-BLF, ECF No. 485 (N.D. Cal. May 15, 2015). Defendant CALIFORNIA FORENSIC MEDICAL GROUP failed completely to comply with the terms of the settlement, and the court issued an order compelling its compliance. *Id*. ECF No. 617 (N.D. Cal. Nov. 1, 2017).

61.    Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC.'s inadequate policies and customs proximately caused violations of the rights of inmates housed at the Santa Rita Jail, including SALVADOR ROMERO.

## FIRST CLAIM

### Deliberate Indifference

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

62.    Plaintiff ESTATE OF SALVADOR ROMERO, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

63.    The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

64.    Defendants HUNT, KIMBROUGH, and DOE 1 to 20 intentionally refused to provide SALVADOR ROMERO with necessary medical care or treatment, putting SALVADOR ROMERO at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in the violation of rights protected by the Fourteenth Amendment to the U.S. Constitution.

65.    Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC. maintained policies or customs of action and inaction and knew or should have known that jail staff under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, in the violation of rights protected by the Fourteenth Amendment to the U.S. Constitution.

66.    Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and

12

DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

67.     SALVADOR ROMERO was injured as a direct and proximate result of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF SALVADOR ROMERO to receive compensatory damages against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20; and punitive damages against Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF SALVADOR ROMERO prays for relief as hereunder appears.

## SECOND CLAIM

### Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

68.     Plaintiff ESTATE OF SALVADOR ROMERO, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.

69.     The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

70.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC. each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC. receive federal financial assistance. SALVADOR ROMERO had a mental impairment that substantially limited one or more major life activities and had a record of such an impairment.

71.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 failed reasonably to accommodate SALVADOR ROMERO's disability, where they could have provided a reasonable

13

accommodation, including: (a) by providing SALVADOR ROMERO with necessary medical and mental health care or treatment; (b) by transferring SALVADOR ROMERO to a medical or mental health facility that could provide necessary care or treatment; and (c) by classifying and housing SALVADOR ROMERO based on his mental impairment, where he would receive adequate and necessary medical and mental health care, with deliberate indifference or reckless disregard, in violation of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

72.     SALVADOR ROMERO was injured as a direct and proximate result of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF SALVADOR ROMERO to receive compensatory and nominal damages against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.

WHEREFORE, Plaintiff ESTATE OF SALVADOR ROMERO prays for relief as hereunder appears.

## THIRD CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq*.)

73.     Plaintiff ESTATE OF SALVADOR ROMERO, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.

74.     The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

75.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC. each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. SALVADOR ROMERO had a mental impairment that substantially limited one or more major life activities and had a record of such an impairment.

76.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 failed reasonably

14

to accommodate SALVADOR ROMERO's disability, where they could have provided a reasonable accommodation, including: (a) by providing SALVADOR ROMERO with necessary medical and mental health care or treatment; (b) by transferring SALVADOR ROMERO to a medical or mental health facility that could provide necessary care or treatment; and (c) by classifying and housing SALVADOR ROMERO based on his mental impairment, where he would receive adequate and necessary medical and mental health care, with deliberate indifference or reckless disregard, in violation of rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

77. SALVADOR ROMERO was injured as a direct and proximate result of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF SALVADOR ROMERO to receive compensatory and nominal damages against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, and WELLPATH, INC.

WHEREFORE, Plaintiff ESTATE OF SALVADOR ROMERO prays for relief as hereunder appears.

## FOURTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

78. Plaintiff EMILIA ABEYTA asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

79. The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

80. Plaintiff EMILIA ABEYTA shared a close relationship and special bond with SALVADOR ROMERO, her biological son, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close parent-child familial relationship.

81. Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 caused the

15

termination of and interference with Plaintiff EMILIA ABEYTA's familial relationship with

SALVADOR ROMERO, in the violation of rights protected by the Fourteenth Amendment to the U.S.

Constitution.

82.     Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and

DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous

indifference to rights, or were wantonly or oppressively done.

83.     Plaintiff EMILIA ABEYTA was injured as a direct and proximate result of Defendants

COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT,

KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling her to receive

compensatory damages against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S

OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20; and

punitive damages against Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH,

INC., and DOE 1 to 20.

WHEREFORE, Plaintiff EMILIA ABEYTA prays for relief as hereunder appears.

## FIFTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

84.     Plaintiff EMILIA ABEYTA asserts this Claim against Defendants COUNTY OF

SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH,

WELLPATH, INC., and DOE 1 to 20.

85.     The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the

extent relevant and as if fully set forth in this Claim.

86.     Plaintiff EMILIA ABEYTA shared a close relationship and special bond with

SALVADOR ROMERO, her biological son, which included deep attachments, commitments, and

distinctively personal aspects of their lives and was typical of a close parent-child familial relationship.

87.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE,

THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 caused the

termination of and interference with Plaintiff EMILIA ABEYTA's familial relationship with

16

SALVADOR ROMERO, in the violation of rights protected by the First Amendment to the U.S. Constitution.

88.     Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

89.     Plaintiff EMILIA ABEYTA was injured as a direct and proximate result of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20; and punitive damages against Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20

WHEREFORE, Plaintiff EMILIA ABEYTA prays for relief as hereunder appears.

## SIXTH CLAIM

### Failure to Summon Medical Care

### (Cal. Gov. Code § 845.6)

90.     Plaintiff ESTATE OF SALVADOR ROMERO, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

91.     The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

92.     Defendants HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 knew or had reason to know that SALVADOR ROMERO was in need of immediate medical care and failed to take reasonable action to summon such medical care, in violation of rights protected by California Government Code section 845.6.

93.     Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC. maintained policies or customs of action and inaction

17

1  resulting in harm, in violation of rights protected by California Government Code section 845.6.

2  94.   Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE are

3  vicariously liable, through the principles of *respondeat superior* and pursuant to California Government

4  Code sections 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of their agents

5  and employees acting within the scope of employment, including Defendants THOMAS FERRARA,

6  HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

7  95.   Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and

8  DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

9  96.   SALVADOR ROMERO was injured as a direct and proximate result of Defendants

10  COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT,

11  KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff

12  ESTATE OF SALVADOR ROMERO to receive compensatory damages against Defendants COUNTY

13  OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT,

14  KIMBROUGH, WELLPATH, INC., and DOE 1 to 20; and punitive damages against Defendants

15  THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

16  WHEREFORE, Plaintiff ESTATE OF SALVADOR ROMERO prays for relief as hereunder

17  appears.

18  ## SEVENTH CLAIM

19  ### Tom Bane Civil Rights Act

20  ### (Cal. Civ. Code § 52.1)

21  97.   Plaintiff ESTATE OF SALVADOR ROMERO, pursuant to California Code of Civil

22  Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO

23  COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC.,

24  and DOE 1 to 20.

25  98.   The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the

26  extent relevant and as if fully set forth in this Claim.

27  ### Deliberate Indifference

28  99.   Defendants HUNT, KIMBROUGH, and DOE 1 to 20 intentionally refused to provide

18

1   SALVADOR ROMERO with necessary medical care or treatment, putting SALVADOR ROMERO at

2   substantial risk of suffering serious harm, and did not take reasonable available measures to abate that

3   risk, where a reasonable official in the circumstances would have appreciated the high degree of risk

4   involved, with deliberate indifference or reckless disregard of rights protected by the Fourteenth

5   Amendment to the U.S. Constitution and Article I, Sections 7(a) of the California Constitution.

6        100.   Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE,

7   THOMAS FERRARA, and WELLPATH, INC. maintained policies or customs of action and inaction

8   and knew or should have known that jail staff under their command were inadequately trained,

9   supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the

10  result of the lack of policy, with deliberate indifference or reckless disregard of rights protected by the

11  Fourteenth Amendment to the U.S. Constitution and Article I, Sections 7(a) of the California

12  Constitution.

13             Rehabilitation Act & Americans with Disabilities Act

14       101.   Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE,

15  THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 failed reasonably

16  to accommodate SALVADOR ROMERO's disability, where they could have provided a reasonable

17  accommodation, including: (a) by providing SALVADOR ROMERO with necessary medical and mental

18  health care or treatment; (b) by transferring SALVADOR ROMERO to a medical or mental health

19  facility that could provide necessary care or treatment; and (c) by classifying and housing SALVADOR

20  ROMERO based on his mental impairment, where he would receive adequate and necessary medical and

21  mental health care, with deliberate indifference or reckless disregard, with deliberate indifference or

22  reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. and Americans

23  with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

24             Failure to Summon Medical Care

25       102.   Defendants HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 knew or had

26  reason to know that SALVADOR ROMERO was in need of immediate medical care and failed to take

27  reasonable action to summon such medical care, with deliberate indifference or reckless disregard of

28  rights protected by California Government Code section 845.6.

19

103.    Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC. maintained policies or customs of action and inaction resulting in harm, with deliberate indifference or reckless disregard of rights protected by California Government Code section 845.6.

Common Allegations

104.    Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code sections 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of employment, including Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

105.    Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

106.    SALVADOR ROMERO was injured as a direct and proximate result of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF SALVADOR ROMERO to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20; and punitive damages against Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF SALVADOR ROMERO prays for relief as hereunder appears.

**EIGHTH CLAIM**

**Intentional Infliction of Emotional Distress**

107.    Plaintiff ESTATE OF SALVADOR ROMERO, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

20

108.   The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

109.   Defendants HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 engaged in outrageous conduct, with intent or reckless disregard of the probability that SALVADOR ROMERO would suffer emotional distress and he did suffer severe emotional distress, including by exhibiting deliberate indifference to SALVADOR ROMERO's need for medical care; by failing reasonably to accommodate SALVADOR ROMERO's mental impairment; by failing timely to summon medical care, in violation of California Government Code section 845.6; and/or by failing to conduct required checks, including in violation of California Code of Regulations, title 15, section 1027.5.

110.   Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC. engaged in outrageous conduct, with intent or reckless disregard of the probability that SALVADOR ROMERO would suffer emotional distress and he did suffer severe emotional distress, including by maintaining policies or customs of action and inaction resulting in harm, in violation of rights protected by California Government Code section 845.6.

111.   Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code sections 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of employment, including Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

112.   Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

113.   SALVADOR ROMERO was injured as a direct and proximate result of Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF SALVADOR ROMERO to receive compensatory damages against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20; and punitive damages against Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF SALVADOR ROMERO prays for relief as hereunder appears.

## NINTH CLAIM

### Negligence

114. Plaintiff ESTATE OF SALVADOR ROMERO, pursuant to California Code of Civil Procedure section 377.30, asserts this Claim against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

115. The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

116. Defendants HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 owed a duty of care to SALVADOR ROMERO and breached that duty, including by exhibiting deliberate indifference to SALVADOR ROMERO's need for medical care; by failing reasonably to accommodate SALVADOR ROMERO's mental impairment; by failing timely to summon medical care, in violation of California Government Code section 845.6; and/or by failing to conduct required checks, including in violation of California Code of Regulations, title 15, section 1027.5.

117. Defendant THOMAS FERRARA owed a duty of care to SALVADOR ROMERO, including a special relationship with SALVADOR ROMERO and Defendants HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20, and breached that duty, including by maintaining policies or customs of action and inaction which resulted in harm to SALVADOR ROMERO.

118. Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, and WELLPATH, INC. owed a duty of care to SALVADOR ROMERO created by California Government Code section 845.6 and breached that duty, including by maintaining policies or customs of action and inaction resulting in harm.

119. Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code sections 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of employment, including Defendants THOMAS FERRARA,

1 | HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

2 |     120.    Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and

3 | DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

4 |     121.    SALVADOR ROMERO was injured as a direct and proximate result of Defendants

5 | COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT,

6 | KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff

7 | ESTATE OF SALVADOR ROMERO to receive compensatory damages against Defendants COUNTY

8 | OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT,

9 | KIMBROUGH, WELLPATH, INC., and DOE 1 to 20; and punitive damages against Defendants

10 | THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

11 |     WHEREFORE, Plaintiff ESTATE OF SALVADOR ROMERO prays for relief as hereunder

12 | appears.

### TENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

16 |     122.    Plaintiff EMILIA ABEYTA asserts this Claim against Defendants COUNTY OF

17 | SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH,

18 | WELLPATH, INC., and DOE 1 to 20.

19 |     123.    The allegations of the preceding paragraphs 1 to 61 are realleged and incorporated, to the

20 | extent relevant and as if fully set forth in this Claim.

21 |     124.    Defendants HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20 caused

22 | SALVADOR ROMERO's death by wrongful act and neglect, including by exhibiting deliberate

23 | indifference to SALVADOR ROMERO's need for medical care; by failing reasonably to accommodate

24 | SALVADOR ROMERO's mental impairment; by failing timely to summon medical care, in violation of

25 | California Government Code section 845.6; and/or by failing to conduct required checks, including in

26 | violation of California Code of Regulations, title 15, section 1027.5.

27 |     125.    Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE,

28 | THOMAS FERRARA, and WELLPATH, INC. caused SALVADOR ROMERO's death by wrongful act

1  and neglect, including by maintaining policies or customs of action and inaction which resulted in harm

2  and violated California Government Code section 845.6.

3  126.  Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE are

4  vicariously liable, through the principles of *respondeat superior* and pursuant to California Government

5  Code sections 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of their agents

6  and employees acting within the scope of employment, including Defendants THOMAS FERRARA,

7  HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

8  127.  Defendants THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and

9  DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

10  128.  SALVADOR ROMERO died as a direct and proximate result of Defendants COUNTY

11  OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT,

12  KIMBROUGH, WELLPATH, INC., and DOE 1 to 20's actions and inactions, entitling Plaintiff EMILIA

13  ABEYTA to receive compensatory damages against Defendants COUNTY OF SOLANO, SOLANO

14  COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC.,

15  and DOE 1 to 20; and punitive damages against Defendants THOMAS FERRARA, HUNT,

16  KIMBROUGH, WELLPATH, INC., and DOE 1 to 20.

17  WHEREFORE, Plaintiff EMILIA ABEYTA prays for relief as hereunder appears.

18  **PRAYER FOR RELIEF**

19  WHEREFORE, Plaintiffs ESTATE OF SALVADOR ROMERO and EMILIA ABEYTA seek

20  Judgment as follows:

21  1.  For an award of compensatory, general, special, and nominal damages (including survival

22  damages and wrongful death damages under federal and state law) against Defendants COUNTY OF

23  SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH,

24  WELLPATH, INC., and DOE 1 to 20, in excess of $10,000,000, according to proof at trial;

25  2.  For an award of exemplary/punitive damages against Defendants THOMAS FERRARA,

26  HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20, in an amount sufficient to deter and to

27  make an example of them, because their actions and/or inactions, as alleged, were motivated by evil

28  motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected

24

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Romero v. County of Solano*, United States District Court, Eastern District of California, Case No. _____

rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For funeral and/or burial expenses;

4.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, THOMAS FERRARA, HUNT, KIMBROUGH, WELLPATH, INC., and DOE 1 to 20, pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE, pursuant to California Civil Code section 818);

5.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code section 52.1, California Code of Civil Procedure section 1021.5, and any other statute as may be applicable;

6.     For interest; and

7.     For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: March 20, 2023                                    Respectfully Submitted,

By: _____
       Mark E. Merin
       Paul H. Masuhara
       LAW OFFICE OF MARK E. MERIN
       1010 F Street, Suite 300
       Sacramento, California 95814
       Telephone: (916) 443-6911
       Facsimile: (916) 447-8336

       Attorneys for Plaintiffs
       ESTATE OF SALVADOR ROMERO
       and EMILIA ABEYTA

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF SALVADOR ROMERO and EMILIA ABEYTA.

Dated: March 20, 2023

Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF SALVADOR ROMERO
    and EMILIA ABEYTA